USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 9/16/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

EDDIE ZABALA,  :

        Petitioner,  :  09 Civ. 10125 (PGG) (AJP)

    -against-  :  **REPORT AND RECOMMENDATION**

ROBERT ERCOLE, Superintendent, Green Haven  :
Correctional Facility,

        Respondent.  :

------------------------------------x

**ANDREW J. PECK, United States Magistrate Judge:**

**To the Honorable Paul G. Gardephe, United States District Judge:**

        Petitioner Eddie Zabala seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2007 state court sentence as a persistent felony offender. (Dkt. No. 3: Pet. ¶ 12.) Although represented by counsel, Zabala also has moved pro se to stay these proceedings so that his petition may be amended once his unexhausted claim of ineffective assistance of trial counsel is exhausted in state court. (Dkt. No. 17: Zabala 6/8/12 Letter to Court.)

        For the reasons set forth below, Zabala's pro se motion to stay the proceedings and amend his petition should be DENIED as barred by the Antiterrorism and Effective Death Penalty Act's one-year statute of limitations, and his petition for a writ of habeas corpus should be DENIED pursuant to the Second Circuit's en banc decision upholding New York's persistent felony offender sentencing statute in Portalatin v. Graham, 624 F.3d 69 (2d Cir. 2010) (en banc).

## FACTS

Zabala was convicted in New York State Supreme Court, New York County, for first degree attempted assault and second degree criminal possession of a weapon. (Dkt. No. 3: Pet. ¶ 5; see Dkt. No. 7: State Br. at 10.)

### Sentencing

At sentencing proceedings in September 2007, Zabala admitted that he had five previous felony convictions between 1993 and 2003. (Dkt. No. 7: State Br. at 11; Dkt. No. 6: Fleischmann Aff. Ex. A: Zabala 1st Dep't Br. at 23.) Although Zabala's counsel challenged the constitutionality of New York's discretionary persistent felony offender sentencing statute, Justice Carruthers sentenced Zabala to two concurrent prison terms of twenty years to life, finding him a persistent felony offender pursuant to Penal Law § 70.10. (State Br. at 11; Zabala 1st Dep't Br. at 20-24.)

### Direct Appeal

In June 2008, represented by the Center for Appellate Litigation, Zabala appealed to the First Department, arguing, inter alia, that: (1) Zabala's sentence violated Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000); and (2) Zabala's commitment order should be amended to reflect that Zabala was sentenced as a persistent felony offender, not as a persistent violent felony offender. (Dkt. No. 6: Fleischmann Aff. Ex. A: Zabala 1st Dep't Br. at 41-50.)

In January 2009, the First Department affirmed Zabala's conviction, found Zabala's sentence constitutional, and unanimously modified the commitment order to reflect Zabala's sentencing as a persistent felony offender. People v. Zabala, 58 A.D.3d 554, 554-55, 872 N.Y.S.2d 104, 104 (1st Dep't 2009).

3

The New York Court of Appeals denied leave to appeal. People v. Zabala, 12 N.Y.3d 823, 881 N.Y.S.2d 30 (2009). On October 5, 2009, the United States Supreme Court denied certiorari. Zabala v. New York, 558 U.S. 889, 130 S. Ct. 220 (2009).

### Zabala's Initial Habeas Petition and Proceedings in Portalatin v. Graham

On December 11, 2009, represented by the Center for Appellate Litigation, Zabala timely filed his petition for a writ of habeas corpus, raising the single claim that Zabala's persistent felony offender sentence enhancement was unconstitutional under Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), and its progeny. (Dkt. No. 3: Pet. ¶ 12.) On March 31, 2010, in an unrelated case, the Second Circuit held New York's persistent felony offender statute unconstitutional. Besser v. Walsh, 601 F.3d 163, 169 (2d Cir. 2010). Shortly thereafter, however, the Second Circuit granted the State's petition for re-hearing en banc. See Portalatin v. Graham, 624 F.3d 69, 73 (2d Cir. 2010), cert. denied, 131 S. Ct. 1693 (2011). In light of the re-hearing, at the parties' request, Judge Paul Gardephe ordered Zabala's petition stayed until the issue was resolved. (Dkt. No. 12: 6/14/10 Order.) On October 18, 2010, the Second Circuit en banc vacated the holding in Besser and held that New York's discretionary persistent felony offender statute, Penal Law § 70.10, was constitutional. Portalatin v. Graham, 624 F.3d at 93-94.

### Zabala's Pro Se Motion to Stay Pending Further Exhaustion of Additional Claim

By letter filed on June 8, 2012, although still represented by counsel, Zabala moved pro se for a further stay so that he could fully exhaust a claim of ineffective assistance of trial counsel in state court. (Dkt. No. 17: Zabala 6/8/12 Letter to Court.)[1] Once exhausted at the state

---

[1] Zabala's ineffective assistance of counsel claim stems from the First Department's rejection of his claim of prosecutorial misconduct. The First Department found that "[b]y failing to object, by making only generalized objections, and by failing to request further relief after
(continued...)

court level, Zabala stated that he would amend his original habeas petition to include the ineffective assistance claim. (Zabala 6/8/12 Letter to Court.)

On July 25, 2013, the case was referred to me for a Report and Recommendation, (Dkt. No. 25: 7/25/13 Order of Reference), and I held a telephone conference with counsel on July 30, 2013 (see Dkt. No. 27: Order Scheduling Conf). The Court ordered Zabala's counsel to respond to Portalatin's effect on Zabala's petition and the timeliness of his pro se letter requesting a stay and abeyance. Zabala's counsel responded that the "Portalatin decision would seemingly dictate the decision in this matter. We do not contend that Portalatin is distinguishable, but we do contend that Portalatin was incorrectly decided." (Dkt. Nos. 28 & 30: Klem Aff. ¶ 7(A).) As to the stay, Zabala's counsel stated that "[i]t would be inappropriate for pro bono counsel to evaluate Mr. Zabala's pro se request." (Klem Aff. ¶ 7(B).)

On August 8 and 13, 2013, the State submitted briefing in further opposition to Zabala's petition and to his request for a stay. (Dkt. No. 34: State Opp. Br. to Motion to Stay; Dkt. No. 31: State Supp. Br.) Zabala's counsel was ordered to submit any reply by August 26, 2013, and to provide a copy of the order to Zabala himself. (Dkt. No. 33: 8/12/13 Order.) Neither Zabala nor his counsel submitted any reply to the State's opposition to Zabala's request for a stay.

## ANALYSIS

### I. ZABALA'S PRO SE MOTION TO STAY SHOULD BE DENIED AS TIME BARRED

---

[1]/ (...continued)
the court took curative action," Zabala's prosecutorial misconduct claim was unpreserved on appeal, and the First Department declined to hear it in the interest of justice, alternatively finding "no basis for reversal" on the merits. People v. Zabala, 58 A.D.3d 554, 554-55, 872 N.Y.S.2d 104, 104 (1st Dep't 2009).

5

Zabala's ineffective assistance of counsel claim is barred by the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations.[2]

### A. Standard for Amendment of a Timely Habeas Petition

The AEDPA established a one-year limitations period for habeas corpus petitions, as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

---

[2] In addition to being time barred, Zabala's pro se motion was improper. A criminal defendant has no Sixth Amendment right to represent himself where he also is represented by an attorney. See, e.g., Clark v. Perez, 510 F.3d 382, 395 (2d Cir.), cert. denied, 555 U.S. 823, 129 S. Ct. 130 (2008); United States v. Tutino, 883 F.2d 1125, 1141 (2d Cir. 1989), cert. denied, 493 U.S. 1081, 110 S. Ct. 1139 (1990); United States v. Wolfish, 525 F.2d 457, 462-63 (2d Cir. 1975), cert. denied, 423 U.S. 1059, 96 S. Ct. 794 (1976); United States v. Miller, Nos. 92 CR 91, 99-CV-3346, 2010 WL 1269796 at *15 (E.D.N.Y. Mar. 30, 2010); United States v. Swinton, 400 F. Supp. 805, 806 (S.D.N.Y. 1975) (Pollack, D.J.). Although a criminal defendant has the right to exercise either option, the options may not be exercised concurrently absent a compelling justification. See, e.g., United States v. Tutino, 883 F.2d at 1141; Ennis v. LeFevre, 560 F.2d 1072, 1075 (2d Cir. 1977), cert. denied, 435 U.S. 976, 98 S. Ct. 1625 (1978); United States v. Parker, No. 08-CR-6270, 2009 WL 5342774 at *2 (W.D.N.Y. Dec. 22, 2009), report & rec. adopted, 2010 WL 114575 (W.D.N.Y. Jan. 7, 2010); United States v. D'Souza, No. CR-88-00374, 1992 WL 151920 at *1 (E.D.N.Y. June 17, 1992); United States v. Swinton, 400 F. Supp. at 806. Where the court declines to permit a represented litigant to function as a pro se "co-counsel," the court may deny any pending pro se motions. United States v. Parker, 2009 WL 5342774 at *2; see also United States v. D'Souza, 1992 WL 151920 at *2.

6

Once the one-year filing period has run, a timely-filed habeas petition may be amended only if the new claim "relates back" to the original petition, which is to say that both claims "arose out of the conduct, transaction, or occurrence set out . . . in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). "An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Mayle v. Felix, 545 U.S. 644, 650, 125 S. Ct. 2562, 2566 (2005).[3] It is insufficient that the claim stems merely from the same "trial, conviction, or sentence"; rather, the claims must arise from the same common core of operative facts. Mayle v. Felix, 545 U.S. at 664, 125 S. Ct. at 2574; Gibson v. Artus, 407 F. App'x at 519; Ozsusamlar v. United States, 2013 WL 4623648 at *3-4; Espiritu v. Haponik, 2012 WL 161809 at *9.

### B. Standard as Applied to Zabala's Motion

Zabala's conviction became final on October 5, 2009, when the United States Supreme Court denied his petition for a writ of certiorari. (See page 3 above.) See also Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir.) (AEDPA limitations period for state prisoners begins to run only after the denial of certiorari or the expiration of the time to seek certiorari), cert. denied, 534 U.S. 924, 122 S. Ct. 279 (2001). The one-year statute of limitations for Zabala to file a petition for a writ of habeas corpus expired on October 5, 2010. Zabala's initial petition was timely filed within

---

[3]    Accord, e.g., Gibson v. Artus, 407 F. App'x 517, 519 (2d Cir. 2010), cert. denied, 131 S. Ct. 1483 (2011); Ozsusamlar v. United States, 10 Civ. 6655, 02 Cr. 763, 2013 WL 4623648 at *3 (S.D.N.Y. Aug. 29, 2013); Beras v. United States, 05 Civ. 2678, 99 Cr. 75, 2013 WL 1155415 at *11-12 (S.D.N.Y. Mar. 20, 2013); Espiritu v. Haponik, 05 Civ. 7057, 2012 WL 161809 at *9 (S.D.N.Y. Jan. 19, 2012); Ermichine v. United States, 06 Civ. 10208, 2011 WL 1842951 at *11 (S.D.N.Y. May 12, 2011); Freeman v. United States, 09 Civ. 4087, 02 Cr. 150, 2010 WL 4026067 at *2 (S.D.N.Y. Oct. 14, 2010).

this period. (See page 3 above.) However, Zabala's pro se letter seeking leave to amend was not filed until June 8, 2012, approximately eighteen months after the filing period expired. (Dkt. No. 17: Zabala Letter to Court.) Zabala's original petition asserted a single claim: that the sentence enhancement under New York's persistent felony offender statute was unconstitutional. (See page 3 above.) Zabala's proposed amendment consists of a claim of ineffective assistance of trial counsel for failure to preserve a claim of prosecutorial misconduct for appeal. (See page 3 & n.1 above.) Although both claims assert a Sixth Amendment violation, the similarities end there. There is no temporal connection, see Mayle v. Felix, 545 U.S. 644, 650, 125 S. Ct. 2562, 2566 (2005), as the original claim relates to sentencing, whereas the proposed amended claim relates to counsel's performance at trial. See, e.g., Ozsusamlar v. United States, 10 Civ. 6655, 02 Cr. 763, 2013 WL 4623648 at *4 (S.D.N.Y. Aug. 29, 2013) (trial performance and sentencing are unconnected in time); Williams v. Marshall, 09 Civ. 7411, 2011 WL 1334849 at *4 (S.D.N.Y. Mar. 30, 2011) (sufficiency of evidence at trial and ineffective assistance of appellate counsel are unconnected in time); Veal v. United States, 01 Civ. 8033, 97 Cr. 544, 2007 WL 3146925 at *4-5 (S.D.N.Y. Oct. 9, 2007) (pretrial performance and trial performance of a different attorney are unconnected in time), aff'd, 334 F. App'x 402 (2d Cir. 2009). Likewise, there is no factual connection. Trial counsel's failure to object to certain lines of questioning by the prosecution is wholly unrelated to the sentencing judge using prior convictions to enhance the maximum sentence. See, e.g., Ozsusamlar v. United States, 2013 WL 4623648 at *4; Williams v. Marshall, 2011 WL 1334849 at *4; Veal v. United States, 2007 WL 3146925 at *6.

Accordingly, the Court finds that Zabala's new proposed ineffective assistance claim does not relate back to the original petition and, therefore, is time barred. His request for a stay to exhaust that claim should be denied.

## II.  THE SECOND CIRCUIT HAS UPHELD THE CONSTITUTIONALITY OF NEW YORK'S PERSISTENT FELONY OFFENDER STATUTE, THUS PRECLUDING ZABALA'S PETITION

Zabala claims that his sentences under New York's discretionary persistent felony offender sentencing scheme, Penal Law § 70.10, violate his Sixth Amendment rights, as the factual findings used to enhance his sentence were made by the sentencing judge rather than a jury, allegedly in violation of Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000). (Dkt. No. 3: Pet. ¶ 12.)[4]

---

[4]  New York's sentencing structure provides for enhanced sentences for persistent felony offenders (i.e., someone who has two or more prior felony convictions). This Court has summarized New York's two persistent felony offender sentence-enhancing statutes, as follows:

> "New York has two sentence-enhancing statutes for persistent felony offenders. One is the persistent violent felony offender provision in N.Y. Penal Law § 70.08, which practitioners of criminal law in New York often refer to as the 'mandatory' one. That statute applies to defendants who stand convicted of a violent felony (as defined in N.Y. Penal Law § 70.02) and have previously been convicted of two or more predicate violent felonies (as defined in N.Y. Penal Law § 70.04(1)(b)). Such defendants receive an indeterminate sentence of imprisonment, the maximum of which must be life. Minimum terms are prescribed by the statute as well and vary depending on the grade of the offense of conviction. See N.Y. Penal Law § 70.08(3). Under § 70.08, 'the court must impose' an enhanced penalty once it finds that the predicate convictions occurred, id. at § 70.08(2) (emphasis added), hence the use of the shorthand 'mandatory' to describe that form of sentence enhancement."

> "The second persistent felony offender statute is N.Y. Penal Law § 70.10. This statute is designed to provide enhanced punishment for recidivists who fail to qualify as mandatory persistent violent felony offenders under § 70.08. It characterizes as a 'persistent felony offender' any defendant who stands convicted of a felony and has two prior felony convictions (whether or not they are for violent felonies) as defined in the statute. See N.Y. Penal Law § 70.10(1)(a)-(c)). As an enhanced penalty for such offenders, § 70.10 provides that, in lieu of the sentence otherwise authorized by the penal law, persistent felony offenders 'may' be sentenced as though the offense of conviction were a class A-1 felony. Id. (emphasis added)."

Liggan v. Senkowski, 11 Civ. 1951, 2013 WL 3853401 at *26 (S.D.N.Y. July 26, 2013)
(continued...)

After Zabala filed his petition, however, the Second Circuit considered and rejected this very argument. See Portalatin v. Graham, 624 F.3d 69, 93-94 (2d Cir. 2010) (en banc). Distinguishing New York's persistent felony offender statute from the statutes found unconstitutional in Apprendi and its progeny, the Second Circuit in Portalatin explained that "the [persistent felony offender] statute—as interpreted by the New York Court of Appeals—creates a recidivist sentencing scheme in which the only factual predicates necessary to impose the enhanced sentence relate to the defendant's criminal history." Portalatin v. Graham, 624 F.3d at 93-94. The Second Circuit held that such "recidivism findings are the touchstone: the predicate felonies alone expand the indeterminate sentencing range within which the judge has the discretion to operate." Id. at 94 (emphasis added). Accordingly, it is settled law in this Circuit that New York's persistent felony offender statute comports with Supreme Court precedent.

Zabala's counsel admitted as much in his Affirmation submitted to the Court on August 8, 2013, stating that while he disagrees with the outcome in Portalatin, he nevertheless acknowledges that it controls the disposition of Zabala's petition. (See page 4 above.) Portalatin is binding precedent in this Circuit. Therefore, Zabala's petition for habeas relief based on the unconstitutionality of New York's persistent felony offender statute should be DENIED.

## CONCLUSION

For the reasons set forth above, Zabala's habeas petition should be DENIED, Zabala's motion for a stay and to amend his habeas petition should be DENIED, and a certificate of appealability should not be issued.

---

4/    (...continued)
(Peck, M.J.) (quoting James v. Artus, 03 Civ. 7612, 2005 WL 859245 at *15-16 (S.D.N.Y. Apr.15, 2005) (Peck, M.J.)).

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6.[5/] Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Paul G. Gardephe, 40 Foley Square, Room 2204, and to my chambers, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Gardephe (with a courtesy copy to my chambers). Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Ingram v. Herrick, 475 F. App'x 793, 793 (2d Cir. 2012); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822, 115 S. Ct. 86 (1994); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992), cert. denied, 506 U.S. 1038, 113 S. Ct. 825 (1992); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated:   New York, New York
         September 16, 2013

Respectfully submitted,

Andrew J. Peck
United States Magistrate Judge

---

[5/]   If Zabala requires copies of any of the cases reported only in Westlaw, he should request copies from respondent's counsel. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009); SDNY-EDNY Local Civil Rule 7.2.

Copies ECF to:   Eddie Zabala (Mail)
David J. Klem, Esq.
Lisa E. Fleischmann, Esq.
Judge Paul G. Gardephe