UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/7/16
```

EDDIE ZABALA,

     Petitioner,

v.

ROBERT ERCOLE, Superintendent, Green Haven Correctional Facility,

     Respondent.

**ORDER**

09 Civ. 10125 (PGG)(AJP)

PAUL G. GARDEPHE, U.S.D.J.:

  Eddie Zabala filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 11, 2009. (Dkt. No. 1) On June 8, 2012, he requested a stay of these proceedings to give him the opportunity to pursue an ineffective assistance of counsel claim in state court. (Dkt. No. 17) On July 25, 2013, this Court referred Zabala's petition to Magistrate Judge Andrew Peck for a Report and Recommendation ("R & R"). (Dkt. No. 25) On September 16, 2013, Judge Peck issued an R & R recommending that this Court deny the petition and the request for a stay and that this Court decline to issue a certificate of appealability. (Dkt. No. 35)

## BACKGROUND

  In 2007, a jury sitting in the Supreme Court of the State of New York, New York County, found Zabala guilty of attempted assault in the first degree and criminal possession of a weapon in the second degree. After the guilty verdict, the state court held a "persistent felony offender hearing" and, based on Zabala's prior criminal convictions, found that he was a persistent felony offender pursuant to New York Penal Law § 70.10 and New York Criminal Procedure Law § 400.20. (Pet. Appendix (Dkt. No. 37) at A61) The court imposed an enhanced sentence based on this determination: 20 years to life imprisonment on each count, to run

concurrently. (See id. at A69) Zabala appealed to the First Department, arguing, inter alia, that the trial judge had violated the Constitution when he made the factual findings necessary to adjudicate Zabala a persistent felony offender. (Id. (Dkt. No. 37-1) at A117-A125) The First Department affirmed Zabala's conviction, People v. Zabala, 58 A.D.3d 554, 554 (1st Dep't 2009), the New York Court of Appeals denied review, People v. Zabala, 12 N.Y.3d 823 (2009), and the United States Supreme Court denied Zabala's petition for a writ of certiorari. See Zabala v. New York, 558 U.S. 889 (2009). Zabala repeats his constitutional objections to New York's persistent felony offender sentencing scheme in his petition to this Court. (Pet. Br. (Dkt. No. 3) at 21-30)

On October 18, 2010, the Second Circuit, sitting en banc, rejected a constitutional challenge to New York's persistent felony offender statute. Portalatin v. Graham, 624 F.3d 69, 93-94 (2d Cir. 2010) (en banc). The parties in this action filed supplemental submissions regarding the Second Circuit's Portalatin decision on August 8, 2013. (Dkt. Nos. 30, 31) Zabala's counsel concedes that "[t]he Portalatin decision would seemingly dictate the decision in this matter. We do not contend that Portalatin is distinguishable, but we do contend that Portalatin was incorrectly decided." (Klem Decl. (Dkt. No. 30) at ¶ 7)

On June 8, 2012, Zabala sent this Court a pro se request[1] to stay his pending habeas petition to permit him to exhaust his ineffective assistance of counsel claim in state court. (Dkt. No. 17) Zabala states that he intends to base this claim on his trial counsel's failure to preserve Zabala's prosecutorial misconduct claim in state court. (Id. at 1-2) The State filed an opposition to Zabala's request on August 13, 2013. (Dkt. No. 34)

Judge Peck issued an R&R on September 16, 2013. (Dkt. No. 35) Judge Peck

---

[1] Zabala is represented by counsel in this action.

concludes that (1) Petitioner's proposed ineffective assistance of counsel claim is time-barred under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and (2) Zabala's constitutional challenge to the New York persistent felony offender sentencing scheme is barred by the Second Circuit's decision in Portalatin v. Graham, 624 F.3d 69 (2d Cir. 2010) (en banc).

In his R&R, Judge Peck informed Petitioner that he had fourteen days from service of the R&R to file any objections, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72(b) of the Federal Rules of Civil Procedure, and that failure to do so could result in waiver of review. (Id. at 10) To date, this Court has received no objections to the R & R.

## **DISCUSSION**

Because he did not file any objections to Judge Peck's R&R, Petitioner has waived his right to de novo review by this Court. See Thomas v. Arn, 474 U.S. 140, 147-48 (1985); see also Razo v. Astrue, No. 04 Civ. 1348(PAC)(DF), 2008 WL 2971670, at *2 ("For uncontested portions of the R & R, the court need only review the face of the record for clear error." (citing Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003))); Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))); Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 174 (2d Cir. 2000) ("Failure to timely object to a report generally waives any further judicial review of the findings contained in the report."). This Court has nonetheless reviewed Judge Peck's comprehensive and well-reasoned R&R and is satisfied that "there is no clear error on the face of the record." Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted).

As Judge Peck explains in his R&R, the AEDPA's one-year statute of limitations for habeas corpus petitions begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). A habeas petition filed after the expiration of that one-year period will survive only if it "relates back" to a habeas petition that was filed within the one-year time frame. See Mayle v. Felix, 545 U.S. 644, 650 (2005). Here, Zabala's conviction became final on October 5, 2009, when the United States Supreme Court denied his petition for a writ of certiorari. (See R&R at 3, 6 (citing Zabala v. New York, 558 U.S. 889 (2009))). Zabala did not raise an ineffective assistance of counsel claim until June 8, 2012, however, more than two years after his conviction became final. (Dkt. No. 17) Judge Peck's finding that the ineffective assistance of counsel claim does not "relate back" to Zabala's original habeas petition is not "clearly erroneous." The only claim for relief in Zabala's timely habeas petition is that New York's persistent felony offender statute is unconstitutional. There is no legal or factual overlap between that claim and the claim that Zabala received ineffective assistance of counsel at trial. Accordingly, Judge Peck's determination that an ineffective assistance of counsel claim would be time-barred under Section 2244(d)(1)(A) is reasonable.

Nor was it clear error for Judge Peck to reject Zabala's argument that New York's discretionary persistent felony offender sentencing scheme violates the Sixth Amendment. As Zabala's counsel concedes, this case is indistinguishable from Portalatin v. Graham, 624 F.3d 69, 93-94 (2d Cir. 2010) (en banc). (See R&R at 4 (citing Klem Aff. (Dkt. No. 30) at ¶ 7(A)))). Judge Peck committed no error in concluding that Portalatin is dispositive of Zabala's Sixth Amendment claim.

4

## CONCLUSION

For the reasons stated above, the Report's recommendations are adopted in their entirety: Zabala's Petition and request for a stay are denied, and no certificate of appealability will issue under 28 U.S.C. § 2253(c)(1)(A). This Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a non-frivolous issue). The Clerk of the Court is directed to close this case.

Dated: New York, New York
       March 7, 2016                         SO ORDERED.

                                             *[signature]*
                                             Paul G. Gardephe
                                             United States District Judge